1    **LAW OFFICES OF SHAI OVED**
     **Shai Oved, Esq.  CBN 185526**
2    **7445 Topanga Cyn Blvd, Suite 220**
     **Canoga Park, California 91303**
3    **Email - ssoesq@aol.com**
     **Tel: (818) 992-6588**
4    **Fax: (818) 992-6511**

5    **Attorneys for Post-Discharged Debtors**
     **appearing herein for a limited purposes**

6

7

8                **UNITED STATES BANKRUPTCY COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

10

| | |
|---|---|
| 11   **In re**                    ) | **CASE NO.  2:04-bk-22926-BB** |
| 12                          ) | **Chapter 7** |

11   **In re**                    )    **CASE NO.  2:04-bk-22926-BB**
                              )    **Chapter 7**

12                               )

   **Steven and Susan Oscherowitz,**    )    **DEBTORS' NOTICE OF MOTION AND MOTION**

13                               )    **FOR ORDER (1) REOPENING CASE (2) AVOID ING**
                              )    **JUDGMENT LIEN OF SHALOM AND SHEVACH**

14                               )    **MOSES (3) AND AUTHORIZING SHORT-SALE;**
         **Debtors.**          )    **MEMORANDUM OF POINTS AND AUTHORITIES;**

15                               )    **DECLARATION OF SHAI OVED**
                              )

16                               )    [Filed concurrently with Application for Order Shortening
                              )    Time and Reopening Fee]

17                               )
                              )             <u>HEARING DATE</u>

18                               )    Date:          July 18 or 19 (Shorten Notice requested)
                              )    Time:          11:00 a.m.

19                               )    Place:         Courtroom 1475
                              )                      US Bankruptcy Court

20                               )                      255 East Temple Street
   _____ )                      Los Angeles, CA 90012

21

22       **TO THE HONORABLE UNITED STATES BANKRUPTCY COURT AND ALL**

23 **OTHER INTERESTED PARTIES:**

24       **PLEASE TAKE NOTICE** that Debtors Steven and Susan Oscherowitz (hereinafter referred

25 to collectively as "Debtors" or "Movants"), through their attorneys, The Law Offices of Shai Oved,

26 will move and hereby do move this Honorable United States Bankruptcy Court located at 255 East

27 Temple Street, Los Angeles, CA 90012, for an order reopening their bankruptcy case, an order

28 avoiding the judgment lien of Shalom and Shevach Mozes (hereinafter referred to collectively as

1  the "Mozes" or the "Mozes Judgment,") and authorizing Debtors to complete a short-sale of their

2  property located at 117 N. Citrus Ave., Los Angeles, CA 90036 (hereinafter the "Property").

3       This Motion is based upon this Notice of Motion and Motion,  the Memorandum of Points

4  and Authorities with the Declaration of Shai Oved; the statements of counsel made at the hearing,

5  the court file, and any other evidence presented to the Court at the time of the hearing.

6       **PLEASE TAKE FURTHER NOTICE** that this Motion is being requested to be heard on

7  shortened notice with any opposition due at the time of the hearing which is also being requested

8  to be heard on either July 18, or July 19, 2013, at the Court's convenience, no earlier than 11:00 a.m.,

9  and with service to be complete by over night mail and/or telephonic notice by July 13, 2013.

10 Normally, Local Bankruptcy Rule 9013-1(1)(g) requires any opposition at least fourteen (14) days

11 prior to the hearing.  A copy of any opposition or response must be served on counsel for the

12 Defendant at the address on the upper-left hand corner of the first page of this Motion.  You are not

13 required to take any action.  In the event no interested party objects to the this Motion, the Court

14 may grant the Motion without further hearing and treat the lack of Opposition to consent to the relief

15 requested herein.

16      **WHEREFORE**, Debtor pray that this Court enter an Order reopening this Bankruptcy Case,

17 avoiding the Mozes Judgement lien, and authorizing Debtors to complete a short-sale of their

18 Property which is legally described as: Lot 498 of Tract No. 8498, in the City of Los Angeles,

19 County of Los Angeles, State of California, as per map recorded in Book 95 Page(s) 53 to 55

20 inclusive of Maps, in the Office of the County Recorder of said County. APN: 5513-006-020.

21                           Respectfully submitted,

22                           The Law Offices of Shai Oved

23 Dated: July 12, 2013              /s/ Shai Oved

24                         _____
                        Shai Oved, Attorneys for Debtors

25              **MEMORANDUM OF POINTS AND AUTHORITIES**

26                  **Background and Statement of Facts**

27     1.      Debtors filed a petition for relief on June 10, 2004, and obtained a discharge.

28     2.      Debtors identified two parcels of real property, neither of which had any equity.

3.      The properties were located at 111 N. Citrus (their principal residence) and 117 N. Citrus., Los Angeles, CA 90036, (the Property), respectively.

4.      On December 7, 2007, the senior lender Washington Mutual filed its Motion for Relief from the Automatic Stay as to the 111 N. Citrus Avenue Property which this Court granted on January 8, 2008.  The property was ultimately foreclosed.

5.      On March 15, 2010, the senior lender Bank of America filed its Motion for Relief from the Automatic Stay as to the 117 N. Citrus Avenue Property which this Court granted on April 6, 2010. Debtors have been working with loss mitigation options on this Property, including the instant short-sale.  The voluntary liens on the property total $930,834.08, and $222,901.61, respectively.  The Notice of Sale set for July 22, 2013, confirms the minimum opening bid of $930,834.08.  The second lien's most recent statement as of June 30, 2013, shows a balance due of $222,901.61.  The property is currently set to be short-sold approved at $875,000.  There was no equity then and no equity now.

6.      Debtors initially claimed exemptions under §704; but include amended schedules under §703 herewith as to the same assets with the newly claimed exemption in the Property.   A copy of the initial claim of exemption and amended claim of exemption is attached hereto as **Exhibit A** and incorporated herein as though set forth at length.   There is no equity in either property and the exemptions are nominal.

7.      Notwithstanding, the Mozes Judgment lien impairs Debtor's exemption as there is simply no equity for which this lien to attach. A copy of the abstract of abstract of judgment is attached hereto as **Exhibit B** and incorporated herein as though set forth at length.  As each lien creditor has consented and/or approves of the short-sale, this Motion and Notice is directed only to the Office of the US Trustee, the former Chapter 7 Trustee, and the Mozes and seeks to avoid only their judgment lien.  As noted below, even though the abstract was entered post-petition based on a non-dischargeable debt, the lien must be avoided as it impairs their exemption.

7.      Even though Mr. Sherman is identified as the attorney in the Abstract, counsel also worked with Avi Tuchman, who has since been representing the Mozes with respect to this matter. Both are served with this Motion.

1

## POINTS AND AUTHORITIES

2

3

## THE COURT HAS THE POWER TO REOPEN A CASE FOR CAUSE

4    The Bankruptcy Code provides that "A case may be reopened in the court in which such case

5  was closed to administer assets, to accord relief to the Debtor, or for other cause."  11 U.S.C.

6  §350(b).  Cause exists to reopen a case to avoid a judgment lien and/or amend exemptions.  No

7  trustee is needed as relief from stay has been granted, there is no equity in the property for which

8  the lien of Mozes can attach, and Debtor's should be allowed to complete a short sale.  The Federal

9  Rules of Bankruptcy Procedure further provide that

10    "A case may be reopened on motion of the Debtor or other party in interest pursuant to

11  §350(b) of the Code.  In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United

12  States trustee unless the court determines that a trustee is necessary to protect the interests of

13  creditors and the debtor or to insure efficient administration of the case."

14  Fed.R.Bank.Pro., Rule 5010.

15    In the present case, a Trustee is not necessary as he there is no equity to administer but

16  grounds any judgment lien should be avoided.  This Court has the inherent power under §105 "to

17  issue any process, order, or judgment that is necessary or appropriate to carry out the provisions of

18  this title."  11 U.S.C. §105.

19  ## THE ABSTRACT/JUDGMENT LIEN OF MOZES MUST BE AVOIDED SINCE

20  ## THERE IS NO EQUITY FOR WHICH THE LIEN CAN ATTACH.

21    The Bankruptcy Code provides a mechanism for avoiding judgment liens which impair

22  exemptions claimed by debtors.  Section 522(f)(1) provides that "the debtor may avoid the fixing

23  of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to

24  which the debtor would have been entitled ..."  The Code further provides that,

25    (2)(A) For the purposes of this section, a lien shall be considered to impair an
      exemption to the extent that the sum of --
26        (i) the lien;
          (ii) all other liens on the property; and
27        (iii) the amount of the exemption that the debtor could claim if there
          were no liens on the property;
28  exceeds the value that the debtor's interest in the property would have in the absence

1    of any liens.

2        (B) In the case of a property subject to more than 1 lien, a lien that has been
     avoided shall not be considered in making the calculation under subparagraph (A)
3    with respect to other liens.

4    11 U.S.C. §522(f).

5        In the present case, all lenders/judgment creditors have agreed to a consensual short-sale of

6    the 117 N. Citrus Ave. Property except abstract judgment lien creditor Shalom and Shevach Mozes

7    which abstract impairs Debtors' wild card exemption (as amended).  At the time Debtors' case was

8    filed, the value of the Property was $1,200,000.  The total of all the voluntary liens (Bank of

9    America; Countrywide 2nd (now also Bank of America) - $150,000; J&R Lending ($50,000), and

10   Mozes (total $1,387,461.63 based on the Motion for Relief from stay.  Debtors now claim an

11   exemption of $7,000.   Because the property is underwater, there is simply no equity then for any

12   of the judgment lien to attach and even more mores so now.  As such it impairs the Debtors'

13   exemption as the Property value is $875,000 which is the short-sale amount.  The first and second

14   liens alone today total $1,153.735.60.

15       The bankruptcy court In <u>Jones v. Mellon Bank, N.A. (In re Jones)</u>, 183 B.R. 93 (Bankr. W.D.

16   PA, 1995), determined that the consensual lien and the homestead lien exemption when added

17   together, equaled the fair market value of the residence.  The Court held that the Debtor was entitled

18   to avoid the judicial lien in its entirety, instead of only up to the amount of the exemption.  There,

19   the residence was worth $36,000.  The consensual liens amounted to $28,500, and the Debtor

20   claimed a $7,500 homestead exemption.  Mellon Bank held a judgment lien for $10,954.  Upon

21   reconsideration, the bankruptcy court performed the arithmetical methodology required by

22   §522(f)(2) and determined that the sum of the consensual liens and the judgment lien exceeded the

23   value of the property by $10,954, and thus avoided the lien judgment lien <u>in its entirety</u>.

24       Moreover, where the sum of the lien sought to be avoided, all other liens on the property, and

25   the maximum exemption claimable by the debtor (if there were no liens) exceeds the value of the

26   debtor's interest in the property, then the lien can be avoided in it entirety.  <u>Higgins v. Household</u>

27   <u>Fin. Corp.</u> (BAP 9th Cir. 1996).  Further, a judicial lien may be subject to avoidance even if it is

28   senior to a nonavoidable consensual lien.  <u>Moldo v. Charnock.</u> (BAP 9th Cir. 2004) 318 B 720.

1    Here, the sum of the consensual liens of $1,153,735.60 and their wildcard exemption $7,000

2    exceeds the value of the residence.  Therefore, based on §522(f) and the <u>Jones</u> analysis, the Mozes

3    Judgment lien should be avoided in its entirety.

4          This court should grant Debtors' Motion and reopen this case in order to afford the Debtors

5    the requested relief.  The interests of the Debtors in having the case reopened outweighs the burdens

6    of having this case reopened.  The Ninth Circuit in <u>In re Chabot</u>, 992 F.2d 891, (9th Cir. Cal. 1993),

7    held that a proceeding to avoid a lien may be brought at any time, even after a case is closed.  In <u>In</u>

8    <u>re Ricks</u>, 89 B.R. 73, 75, (9th Cir. BAP (Cal.) 1988), the court recognized the ability to reopen a case

9    under §350(b) to avoid a judgment lien under §522(f) by stating,

10          A previous Bankruptcy Appellate Panel has recognized that `in the absence of
            prejudice to creditors ... neither the entry of discharge nor the closing of the case
11          [will bar] lien avoidance actions under 11 U.S.C. §522(f)(2).' *In re Yazzie,* 24 B.R.
            576, 577 (9th Cir. Bankr. 1982) (the BAP adopted the above concept as the "majority
12          rule")(citations omitted).

13    <u>In re Ricks</u>, 89 B.R. 73, 75.

14          With respect to the non-dischargeable Mozes Judgment, the claim is undisputably

15    prepetition.  The fact that it was entered post-petition does not effect the analysis.  In fact, most

16    courts hold that the nondischargeability of the underlying debt does not affect the avoidance of a lien

17    that secures that debt.  See <u>Walters v. United States Nat'l Bank</u>, 879 F.2d 95 (3d Cir. 1989); <u>Bank</u>

18    <u>of Cushing v. Vaughan (In re Vaughan)</u>, 311 B.R. 573 (B.A.P. 10th Cir. 2004)  (holding that Chapter

19    7 debtors could use § 522(f)(1)(A) to avoid judicial lien that arose from post-petition judgment

20    entered in connection with nondischargeability action); <u>In re Lawson</u>, 342 B.R. 98 (Bankr. E.D.

21    Okla. 2006) (Debtor was not barred from avoiding judicial lien merely because lien was based on

22    underlying nondischargeable student loan debt.); <u>In re Ash</u>, 166 B.R. 202(Bankr. D. Conn. 1994);

23    <u>In re Gartrell</u>, 119 B.R. 405 (Bankr. W.D.N.Y. 1990); <u>Hampton v. Silver Screen Video ll, Inc. (In</u>

24    <u>re Hampton)</u>, 104 B.R. 527 (Bankr. M.D. Ga. 1989).

25          The fundamental purposes of Debtor's exemptions is to move forward with his fresh start.

26    As such, even non-dischargeable obligations such as student loans and/or otherwise which impair

27    Debtor's exemptions must be avoided.

28          Pursuant to the Local Bankruptcy Rules:

**LBR 4003-2. LIEN AVOIDANCE**

**(a) General.** The requirements of LBR 9013-1 through LBR 9013-4 apply to a motion to avoid a lien or other transfer of property pursuant to 11 U.S.C. § 522(f), except as provided by this rule.

(1) A motion to avoid a lien or other transfer of property under 11 U.S.C. § 522(f) may be brought under either LBR 9013-1(a) or LBR 9013-1(o).

(2) All other proceedings to avoid a lien must be brought by adversary proceeding. A motion to sell property free and clear of liens under 11 U.S.C. § 363(h) does not constitute a "proceeding to avoid a lien" within the meaning of this rule.

**(b) Form.**

(1) The creditor whose lien is to be avoided must be identified in the title or caption of the notice and motion (*e.g*., Motion to Avoid Lien of XYZ Co. under 11 U.S.C. § 522(f)). The notice and motion must contain a single caption and be filed in the underlying bankruptcy case. A double caption must not be used nor will a separate reference number be assigned.

(2) If the motion seeks to avoid a lien on real property, the motion and proposed order must include the legal description of the real property.

**(c) Service.**

(1) The motion, notice, and supporting papers must be served on the holder of the lien to be avoided in the same manner as a summons and complaint under FRBP 7004.

***

**(d) Evidence.** The motion must be accompanied by a declaration or other competent evidence establishing:

(1) The balance remaining on the creditor's loan;

(2) The fair market value of the subject property;

(3) The identity of any other holder of a lien encumbering the subject property and the amount due and owing on such lien;

(4) The specific statutory authority for the claimed exemption; and

7

1   (5) The value or amount claimed exempt.

2       Debtor has complied with the Local Rules and requests that the Court respectfully grant

3   this Motion in its entirety.  Debtor and Buyer have worked on this matter for several months and

4   a foreclosure sale is set for July 22, 2013. They have obtained the consent of all interested

5   parties, other than the Mozes.  As each lien creditor has consented and/or approves of the short-

6   sale, this Motion and Notice is directed only to the Office of the US Trustee, the former Chapter

7   7 Trustee, and the Mozes and seeks to avoid only their judgment lien.  A copy of the Preliminary

8   Title Report is attached hereto as **Exhibit C** identifying all the lien creditors.  Since there is no

9   equity in the Property Notice of this Motion is being directed, apart from the electronic receipts,

10   to Mozes c/or their attorney Robert J. Sherman who has relocated from 10801 National Blvd.,

11   Suite 603, Los Angeles, CA 90064 (address in Abstract) to 4221 Wilshire Blvd, Suite 290, Room

12   15, Los Angeles, California 90010, and to the Mozes c/o Aviv Tuchman, Tuchman &

13   Associates, 6080 W Pico Blvd., Los Angeles, CA, 90035, who has been currently representing

14   the Mozes.  As well as a copy to the Mozes at the address identified in Debtors' schedules

15   Shalom and Shevach Mozes, 121 N. Highland Ave., Los Angeles, CA 90036.

16   <u>CONCLUSION</u>

17       WHEREFORE, the Court should grant this Motion in its entirety to afford the Debtor the

18   relief they is entitled under the Bankruptcy Code and the Federal Rules of Bankruptcy

19   Procedure.  This Court should reopen the case, avoid the judgment, and allow Debtor's to

20   execute any and all documents to conclude the short-sale.  The Court is also requested to hear

21   this on shortened notice as the Property is scheduled to be foreclosed on July 22,2013, and a

22   hearing date is requested for July 18 or 19, 2013, at any time convenient to the court after 11

23   a.m.

24                     Respectfully submitted,

25                     The Law Offices of Shai Oved

26   Dated:  July 12, 2013             /s/ Shai Oved

27                     Shai Oved, Attorneys for Debtors

28

## DECLARATION OF SHAI OVED

I, Shai Oved, declare as follows:

1.      The forgoing facts are within my personal knowledge or knowledge obtained in the course of my employment by the Debtors/Movants, and if called as a witness, I am competent to testify thereto. I am the attorney for the Debtors/Movants in this Bankruptcy case referred to as case numbers LA04-22926-BB and had previously filed a Request for Special Notice.  I am duly admitted to practice before all courts of the state of California, the United States District Court for the Central District of California, the Ninth Circuit Court of Appeal, and the United States Supreme Court. I am a member of the Central District Consumer Bankruptcy Attorneys Association, the Bankruptcy Inns of Court, and certified as a Bankruptcy Specialist by the California State Bar, Board of Legal Specialization.

2.      This Declaration is offered in support of Debtors' Motion to Reopen, avoid the Judgment lien of Shalom and Shevach Mozes, and authorize Debtors to execute any and all documents with respect to the short-sale.

3.      Debtors filed a petition for relief on June 10, 2004, and obtained a discharge. Debtors identified two parcels of real property, neither of which had any equity.  The properties were located at 111 N. Citrus (their principal residence) and 117 N. Citrus., Los Angeles, CA 90036, (the Property), respectively.

4.      On December 7, 2007, the senior lender Washington Mutual filed its Motion for Relief from the Automatic Stay as to the 111 N. Citrus Avenue Property which this Court granted on January 8, 2008.  The property was ultimately foreclosed.

5.      On March 15, 2010, the senior lender Bank of America filed its Motion for Relief from the Automatic Stay as to the 117 N. Citrus Avenue Property which this Court granted on April 6, 2010. Debtors have been working with loss mitigation options on this Property, including the instant short-sale.  The voluntary liens on the property total $930,834.08, and $222,901.61,  respectively.  The Notice of Sale set for July 22, 2013, confirms the minimum opening bid of $930,834.08.  The second lien's most recent statement as of June 30, 2013, shows a balance due of $222,901.61.  The property is currently set to be short-sold at $875,000.  There

1  was no equity then and no equity now, hence a short-sale.

2       6.      Debtors initially claimed exemptions under §704; but include amended schedules

3  under §703 herewith as to the same assets with the newly claimed exemption in the Property.   A

4  copy of the initial claim of exemption and amended claim of exemption is attached hereto as

5  **Exhibit A** and incorporated herein as though set forth at length.   I recognize them for what they

6  purport to be.  There is no equity in either property and the exemptions are nominal.

7       7.      Notwithstanding, the Mozes Judgment lien impairs Debtors' exemption as there is

8  simply no equity for which this lien to attach. A copy of the abstract of abstract of judgment is

9  attached hereto as **Exhibit B** and incorporated herein as though set forth at length.  I recognize it

10  for what it purports to be.  As each lien creditor has consented and/or approves of the short-sale,

11  this Motion and Notice is directed only to the Office of the US Trustee, the former Chapter 7

12  Trustee, and the Mozes and seeks to avoid only their judgment lien.  As noted below, even

13  though the abstract was entered post-petition based on a non-dischargeable debt, the lien must be

14  avoided as it impairs their exemption.

15       8.      Even though Mr. Sherman is identified as the attorney in the Abstract, I also

16  worked with Avi Tuchman, who has since been representing the Mozes with respect to this

17  matter. Both are served with this Motion, as well as the Mozes directly at their last known

18  address set forth in Debtors' schedules.

19       9.      In the present case, I understand that all lenders/judgment creditors have agreed to

20  a consensual short-sale of the 117 N. Citrus Ave. Property except the Mozez whose abstract of

21  judgment and lien impairs Debtors' wild card exemption (as amended).  At the time Debtors' case

22  was filed, the value of the Property was $1,200,000.  The total of all the voluntary liens total

23  $1,387,461.63 based on the Motion for Relief from stay and Debtors' initial schedules.  Debtors

24  now claim an exemption of $7,000 in the Property.   Because the property is underwater, there is

25  simply no equity then for any of the judgment lien to attach and even more mores so now.  As

26  such it impairs the Debtors' exemption as the Property value is $875,000 which is the short-sale

27  amount.  The first and second liens alone today total $1,153.735.60.  I understand the property

28  needs repairs. Here, the sum of the consensual liens of $1,153,735.60 and their wildcard

exemption $7,000 exceeds the value of the residence.  Therefore, based on §522(f) and the <u>Jones</u>

analysis, the Mozes Judgment lien should be avoided in its entirety.

10.   Debtor and Buyer have worked on this matter for several months and a

foreclosure sale is set for July 22, 2013. They have obtained the consent of all interested parties,

other than the Mozes.  As each lien creditor has consented and/or approves of the short-sale, this

Motion and Notice is directed only to the Office of the US Trustee, the former Chapter 7 Trustee,

and the Mozes and seeks to avoid only their judgment lien.  A copy of the Preliminary Title

Report is attached hereto as **Exhibit C** identifying all the lien creditors.  I recognize it for what it

purports to be.  Since there is no equity in the Property Notice of this Motion is being directed,

apart from the electronic recipients, to Mozes c/or their attorney Robert J. Sherman who has

relocated from 10801 National Blvd., Suite 603, Los Angeles, CA 90064 (address in Abstract) to

4221 Wilshire Blvd, Suite 290, Room 15, Los Angeles, California 90010, and to the Mozes c/o

Aviv Tuchman, Tuchman & Associates, 6080 W Pico Blvd., Los Angeles, CA, 90035, who has

been currently representing the Mozes.  As well as a copy to the Mozes at the address identified

in Debtors' schedules Shalom and Shevach Mozes, 121 N. Highland Ave., Los Angeles, CA

90036.

11.   The Court is requested to set this matter on shortened notice because of the

pending trustee sale date of July 22, 2013,and otherwise grant this Motion in its entirety to afford

the Debtor the relief they is entitled under the Bankruptcy Code and the Federal Rules of

Bankruptcy Procedure.  This Court should reopen the case, avoid the judgment, and allow

Debtor's to execute any and all documents to conclude the short-sale.

I declare under penalty of perjury that the foregoing is true and correct except as to those

matters which are stated to be upon information and belief, and as to those matters I believe them

to be true.

Executed on July 12, 2013, at Woodland Hills, California.

/s/ Shai Oved
_____
Shai Oved

# Exhibit A

# Exhibit A

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Filer's Name:      Debtor c/o Shai Oved, Esq. | Atty Name:    Shai Oved |
| Street Address:   7445 Topanga Cyn., Suite 220 | CA Bar No:    185526 |
| Canoga Park, CA 91303 | Atty Fax No.   (818) 992-6511 |
| Attorney's Telephone No: (818) 992-6588 | |

In re:   Steven & Susan Oscherowitz,

Case No:  2:04-bk-22926-BB

Chapter   7_XX_    11__   13___

Debtor.

## AMENDED SCHEDULE(S)

A filing fee of $26.00 is required to amend any or all of Schedules "D" through "F."  An addendum mailing list is also required as an attachment if creditors are being added to the creditors list.  Is/are creditor(s) being added:    YES_____    NO___X___

Indicate below which schedule(s) is(are) being amended:        (See Attachment)

A____    B____    C_X__    D____    E____    F_____    G____    H____    I____    J____

Statement of Financial Affairs___    Statement of Intention____    Other_____

**NOTE:** IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULES(S) AND TO COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ON THE BACK OF THIS PAGE.

I/We, Steven and Susan Oscherowitz , the person(s) who subscribed to the foregoing Amended Schedules(s) do hereby declare under penalty of perjury that the foregoing is true and correct.

**\*\*FOR COURT USE ONLY\*\***

DATED _____

_____
      Signature follows

Debtor Signature - Steven Oscherowitz

_____
      Signature follows

## Co-Debtor Signature - Susan Oscherowitz

B-1008 *Revised 2/99*            AMENDED SCHEDULE(S)

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

Filer's Name:      Debtor c/o Shai Oved, Esq.          Atty Name:    Shai Oved
Street Address:   7445 Topanga Cyn., Suite 220        CA Bar No:    185526
                  Canoga Park, CA 91303               Atty Fax No.  (818) 992-6511
Attorney's Telephone No: (818) 992-6588

| In re: Steven & Susan Oscherowitz, | Case No: 2:04-bk-22926-BB |
|---|---|
| | Chapter 7 _XX_  11 __  13 __ |
| Debtor. | |

## AMENDED SCHEDULE(S)

A filing fee of $26.00 is required to amend any or all of Schedules "D" through "F." An addendum mailing list
is also required as an attachment if creditors are being added to the creditors list. Is/are creditor(s) being
added:     YES_____     NO___X___

Indicate below which schedule(s) is(are) being amended:        (See Attachment)

        A___   B___   C _X_   D___   E___   F___   G___   H___   I___   J___

                Statement of Financial Affairs___   Statement of Intention___   Other_____

**NOTE:** IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE
TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULES(S) AND TO
COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ON THE BACK OF THIS PAGE.

I/We, _Steven and Susan Oscherowitz_, the person(s) who subscribed to the foregoing Amended Schedules(s)
do hereby declare under penalty of perjury that the foregoing is true and correct.

DATED _July 12th, 2013_                              **FOR COURT USE ONLY**

_____
Debtor Signature - Steven Oscherowitz

_____
Co-Debtor Signature - Susan Oscherowitz

B-1008 *Revised 2/99*            AMENDED SCHEDULE(S)

In re _Steven Oscherowitz and Susan Oscherowitz_ _____ / Debtor      Case No. _2:04-bk-22926-BB_
(if known)

AMENDED      **SCHEDULE C-PROPERTY CLAIMED AS EXEMPT**

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b) (1):   Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b) (2):   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| _Debtors' Residence_ | _Calif. C.C.P._ § 703.140(b)(5) | $ 1,000.00 | $ 1,400,000.00 |
| Real Property - 117 N. Citrus Drive | Calif.C.C.P. § 703.140(b)(5) | $ 7,000.00 | $ 1,200,000.00 |
| Household Goods and Furnishings | _Calif. C.C.P._ § 703.140(b)(3) | $ 5,000.00 | $ 5,000.00 |
| _books, judaica_ | _Calif. C.C.P._ § 703.140(b)(3) | $ 1,000.00 | $ 1,000.00 |
| | _Calif. C.C.P._ § 703.140(b)(5) | $ 0.00 | |
| _clothes_ | _Calif. C.C.P._ § 703.140(b)(3) | $ 800.00 | $ 800.00 |
| _jewelry_ | _Calif. C.C.P._ § 703.140(b)(4) | $ 2,500.00 | $ 2,500.00 |
| _Exercise Equipment_ | _Calif. C.C.P._ § 703.140(b)(3) | $ 0.00 | $ 2,500.00 |
| _Guardian Life # 3357492_ | _Calif. C.C.P._ § 703.140(b)(5) | $ 0.00 | $ 0.00 |
| | _Calif. C.C.P._ § 703.140(b)(5) | $ 0.00 | |
| _NY Life # 45043858_ | _Calif. C.C.P._ § 703.140(b)(5) | $ 0.00 | $ 0.00 |
| _Transamerica Life Occidental # 92301828_ | _Calif. C.C.P._ § 703.140(b)(5) | $ 0.00 | $ 0.00 |
| _2 computers, 2 fax_ | _Calif. C.C.P._ § 703.140(b)(5) | $ 0.00 | $ 0.00 |
| _Computer, fax, printer_ | _Calif. C.C.P._ § 703.140(b)(5) | $ 1,500.00 | $ 1,500.00 |
| _Oscherowitz vs. MTA_ | _Calif. C.C.P._ § 703.140(b)(5) | $ 0.00 | $ 0.00 |
| _UMI salary checks_ | _Calif. C.C.P._ § 703.140(b)(5) | $ 4,923.00 | $ 4,923.00 |

Page No. _1_ of _1_

## PROOF OF SERVICE

**( )   BY U.S. MAIL AT WOODLAND HILLS, CALIFORNIA**

**( )   BY HAND DELIVERY**

**( )   BY FAX**

**( )   BY SPECIAL DELIVERY/FEDERAL EXPRESS/EXPRESS MAIL/EMAIL**


I am a resident of Los Angeles County, California.  I am over the age of 18 and not a party to the within action.  My business address is 7445 Topanga Cyn Blvd., Suite 220, Canoga Park, CA 91303.  On July 12, 2013, I served a true and correct copy of **AMENDED SCHEDULE(S)** on the Parties-in-Interest in this action, in the manner referenced and addressed or telecopied as follows: None.


The following will be served electronically by ECMCF/BNC:

Paul A Beck pab@pablaw.org

Alane A Becket 2 notices@becket-lee.com

Alan F Broidy alan@broidylaw.com, sherrie@broidylaw.com

Baruch C Cohen bcc4929@gmail.com

Harris L Cohen hcohen00@aol.com

Jerome S Cohen jsc@jscbklaw.com

Donald H Cram dhc@severson.com

Tami S Crosby tcrosby@mileslegal.com

Christina Erickson cerickson@richardsonpatel.com

Alan W Forsley awf@fl-lawyers.net, awf@fkllawfirm.com,addy@fl-lawyers.net,lc@fl-lawyers.net,awf@fl-lawyers.net

Gil Hopenstand ghopenstand@wwolawyers.com

Kari A Keidser kkeidser@gmail.com

Leib M Lerner leib.lerner@alston.com

Elan S Levey elan.levey@usdoj.gov, louisa.lin@usdoj.gov

Yevgeniya Lisitsa glisitsa@msn.com

William Malcolm bill@mclaw.org

Alison J Maloof ecfcacbrs@piteduncan.com

Aram Ordubegian ordubegian.aram@arentfox.com

Shai S Oved ssoesq@aol.com

Vy Pham vpham@mileslegal.com

Lee S Raphael cmartin@pralc.com

David L Ray (TR) jf@srblaw.com, dray@ecf.epiqsystems.com;cs@srblaw.com

Timothy J Silverman tim@sgsslaw.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

Diane Weifenbach diane@attylsi.com

David R. Weinstein david.weinstein@bryancave.com,
    raul.morales@bryancave.com;alicia.moore@bryancave.com

Gilbert B Weisman notices@becket-lee.com

Sharon Z. Weiss sharon.weiss@bryancave.com, raul.morales@bryancave.com

Jerome A Yelsky yelsky@cherinandyelsky.com, casupportgroup@w-legal.com


The following will be served within one business after filing: None.


Executed on July 12, 2013, at Woodland Hills, California.


/s/ Shai Oved
_____
Shai Oved

# Exhibit B

# Exhibit B



**This page is part of your document - DO NOT DISCARD**

## 20071332480

Pages:
0004



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

### 06/01/07 AT 10:36AM

| | |
|---|---|
| Fees: | $24.00 |
| Taxes: | $0.00 |
| Other: | $12.00 |
| Paid: | $36.00 |

0000746515        200706010610029                     Counter

## TITLE(S) :

L E A D   S H E E T

| FEE | | D.T.T. | |
|---|---|---|---|
| **CODE 20** | | | |
| **CODE 19** | | | |
| **CODE 9** | | | |

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**

**Number of AIN's Shown**

      

 E433467        **THIS FORM IS NOT TO BE DUPLICATED**      

RECORDING REQUESTED BY AND MAIL TO:
*(Name and mailing address, including city, state,
and ZIP code, of requesting party)*

ROBERT J. SHERMAN, ESQ.
10801 NATIONAL BLVD. SUITE 603
LOS ANGELES, CA 90064

06/01/07

**20071332480**

└ SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE ┘

# DOCUMENT TITLE

☒ ABSTRACT OF JUDGMENT

☐ ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT

☐ OTHER *(specify)*: _____

76aR855 **CI-229** (New 7-96)          **RECORDER'S COVER SHEET**          Govt code §27361.6

American LegalNet, Inc.
www.FormsWorkflow.com

3

☒  Recording requested by a return to:

ROBERT J. SHERMAN, ESQ.
10801 NATIONAL BLVD. SUITE 603
LOS ANGELES, CALIFORNIA 90064

|  | FOR COURT USE ONLY |
|---|---|

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br>STEVEN AND SUSAN OSCHEROWITZ<br><div align="right">Debtor</div> | CASE NUMBER    LA04-22926-BB |
|---|---|
|  | ADVERSARY NUMBER   AD05-01141-BB |
| MICHAEL HOROWITZ AND ALONA HOROWITZ, ETC.<br><div align="right">Plaintiff</div><br><div align="center">vs.</div><br>STEVEN OSCHEROWITZ ETC.<br><div align="right">Defendant</div> | # ABSTRACT OF<br># JUDGMENT |

The Judgment Creditor applies for an abstract of judgment and represents:

1.  The Judgment Debtor's:

    a. Name and address   STEVEN OSCHEROWITZ

    111 NORTH CITRUS AVENUE

    LOS ANGELES, CALIFORNIA 90036

    ☐  Address Unknown

    b. Driver's License No. _____   ☒  Unknown

    c. Social Security No. xxx-xx-6904 _____   ☐  Unknown

2.  The Summons was personally served at, or mail to (address):

    NOT APPLICABLE

3.  ☒  Information regarding additional judgment debtors is shown on reverse side.

    Dated:  MAY 22, 2007

    _____
    (Signature of Judgment Creditor or Attorney)

    Robert J. Sherman, Esq. for Judgment Creditor

(Continued on Reverse Side)

Revised July 1999

2002 © American LegalNet, Inc

Abstract of Judgment - Page Two

| In re | (SHORT TITLE) | CHAPTER 7 |
|---|---|---|
| OSCHEROWITZ | Debtor(s). | ADVERSARY NO.: AD05-01141-BB |

4. I certify that in the above-entitled action and Court, Judgment was entered on SEPTEMBER 19, 2006

in favor of  SHALOM AND SHEVACH MOZES    and against  STEVEN AND SUSAN OSCHEROWITZ

for    $ 450,000.00 _____    Principal

$ _____    Interest,

$ 0 _____    Attorney's Fees, and

$ 0 _____    Costs.

A lien in favor of a judgment creditor is:

☒  not endorsed on the judgment.

☐  endorsed on the judgment as follows:

1. Amount $ _____

2. In favor of (name) _____

A stay of execution has:

☒  not been ordered by the Court.

☐  been ordered by the Court effective until (date): _____

Attested this ____29th____    day of  MAY 2007

JON D. CERETTO Clerk of the
Bankruptcy Court

By: _____
Deputy Clerk

Information regarding additional judgment debtors:

SUSAN OSCHEROWITZ

SOCIAL SECURITY #xxx-xx-6186

111 NORTH CITRUS AVE.

LOS ANGELES, CALIFORNIA 90036

Revised July 1999

2002 © American LegalNet, Inc.

# Exhibit C

# Exhibit C

## SCHEDULE A

The estate or interest in the land hereinafter described or referred to covered by this Report is:

A Fee

Title to said estate or interest at the date hereof is vested in:

Steven Oscherowitz and Susan Oscherowitz, husband and wife, as joint tenants, subject to Item no. 15 and 16 of Schedule B.

The land referred to in this Report is situated in the County of Los Angeles, State of California, and is described as follows:

Lot 498 of Tract No. 8498, in the City  of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 95 Page(s) 53 to 55 inclusive of Maps, in the Office of the County Recorder of said County.

APN: 5513-006-020

# SCHEDULE B

At the date hereof, Exceptions to coverage, in addition to the printed Exception and Exclusions contained in said policy form would be as follows:

1.  General and Special City and/or County taxes, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2012 - 2013:
    1st Installment:        $8,541.55        Unpaid
    Penalty:                $854.15
    2nd Installment:        $8,541.53        Unpaid
    Penalty:                $864.15
    Exemption:
    Code Area:              0000067
    Assessment No.          5513-006-020

2.  Said property has been declared tax defaulted for non-payment of delinquent taxes for the fiscal year: 2011
    Default No.:    10010
    Amounts to redeem for the above stated fiscal year (and subsequent years, if any) are:

    Amount:    $12,699.26
    By:        November

    Amount:    $12,860.93
    By:        December

    Amount:    $13,022.60
    By:        January

3.  Assessments, if any, for community facility districts affecting said land which may exist by virtue of assessment maps or notices filed by said districts.  Said assessments are collected with the County Taxes.

4.  The lien of supplemental taxes, if any, assessed pursuant to the provisions of Chapter 3.5 (commencing with Section 75) of the revenue and taxation code of the State of California.

5.  An easement for the purpose shown below and rights incidental thereto as set forth in a document:
    Purpose:        Utilities, public and/or private
    Recorded:       in Book 4510, Page 179, Official Records
    Affects:        as follows:

    that portion of said land within 1 foot from a line parallel to and distant 3 feet from the rear line of said lot.

    a.      No representation is made as to the present ownership of said easement.

    b.      Reference is made to said document for full particulars.

6.  Easements for the purposes shown below and rights incidental thereto as disclosed by a Declaration by the Department of Water and Power of the City of Los Angeles.
    In Favor of:    The City of Los angeles, successor to Los Angeles Gas & Electric Corp.
    Purposes:       Pole lines and conduits
    Recorded:       in Book 15515 Page 150 Official Records.
    Affects:        the rear 4 feet of said land

7.      A community oil and gas lease, executed by Charles Rubin and Esther Ruben, his wife, as lessor and Hilo
        Oil Company, a partnership as lessee, recorded May 24, 1965 at Instrument Number 3524 in Book M1871
        Page 29, Official Records.

        a.      Affects: that portion of said land lying below a depth of 500 feet from the surface thereof

                No representation is made as to the present ownership of said leasehold or matters affecting the
                right or interests of the lessor or lessee arising out of or occasioned by said lease.

                Said lease does not provide the right of surface entry.

8.      Deed of Trust to secure an indebtedness in the amount shown below, and any other obligations secured
        thereby:
        Amount:          $650,000.00
        Dated:           December 17, 2003
        Trustor:         Susan Oscherowitz, a married woman, as her sole and separate property
        Trustee:         J & R Lending, Inc.
        Beneficiary:     Mortgage Electronic Registration System, Inc. MERS is a separate corporation that is
        acting solely as a nominee for J & R Lending, Inc., a corporation
        Recorded:        December 31, 2003 as Instrument Number 03-3913597 of Official Records.

        a.      The beneficial interest of Mortgage Electronic Registration Systems, Inc. under said deed of trust
                was assigned by assignment:
                To:              BAC Home Loan Servicing, LP fka Countrywide Home Loans Servicing L.P.
                Dated:           January 14, 2010
                Recorded:        January 28, 2010 as Instrument No.  20100122511

        b.      The requirement that a copy of the partnership agreement of BAC Home Loans Servicing, LP fka
                Countrywide Home Loans Servicing LP and any amendments or modifications thereto be
                furnished to the company.

        c.      A Substitution of Trustee under said deed of trust which names as the substituted trustee, the
                following
                Trustee:         ReconTrust Company, N.A.
                Recorded:        February 16, 2012 as Instrument Number 20120259141.

        d.      A Notice of Default under the terms of said deed of trust
                Executed by: ReconTrust Company N.A.
                Recorded: February 16, 2012 as Instrument Number 20120259142 of Offical Records.

9.      Deed of Trust to secure an indebtedness in the amount shown below, and any other obligations secured
        thereby:
        Amount:          $150,000.00
        Dated:           December 17, 2003
        Trustor:         Susan Oscherowitz, a married woman, as her sole and separate property
        Trustee:         J & R Lending, Inc.
        Beneficiary:     Mortgage Electronic Registration System, Inc. MERS is a separate corporation that is
        acting solely as a nominee for J & R Lending, Inc., a California Corporation
        Recorded:        December 31, 2003 as Instrument Number 03-3913598 of Official Records.

        a.      The above deed of trust is reflected as an equity line loan or a revolving line of credit.  Prior to final
                payoff we will require a written statement from the beneficiary that the account has been frozen
                and or a full reconveyance must be submitted for recording concurrent with payoff.

10.      Deed of Trust to secure an indebtedness in the amount shown below, and any other obligations secured thereby:

Amount:        $150,000.00
Dated:         August 1, 2011
Trustor:        Steven Oscherowitz
Trustee:        Yehuda Friedman
Beneficiary:    David Dayanoff
Recorded:     September 1, 2011 as Instrument Number 20111191426 of Official Records.

a.        To avoid delays at the time of closing, please submit the original note, deed of trust and request for reconveyance to this office, at least one week prior to the close of escrow.

b.        Please note that one of the parties in title, Susan Oscherowitz, did not joint in the execution of this Deed of Trust (or Mortgage)

11.      An Abstract of judgment recorded June 1, 2007 as  Instrument No. 20071332480:

Court:   United States Bankruptcy Court Central District of California
Case No.:      LA04-22926-BB
Entry Date:    September 19, 2006
Debtor:       Steven Oscherowitz
Creditor:     Michael Horowitz and Alona Horowitz, etc
Amount:        $450,000.00 and any other amounts due thereunder.
Filing attorney's information-
Name:         Robert J. Sherman, Esq
Address:       10801 National Blvd Suite 603 Los Angeles, California 90064
Phone Number:

12.      An Abstract of judgment recorded June 12, 2007 as  Instrument No. 20071419457:

Court:   United States Bankruptcy Court Central District of California
Case No.:      LA 04-22926-BB
Entry Date:    February 15, 2007
Debtor:       Steven Oscherowitz and Susan Oscherowitz
Creditor:     David L. Ray, Chapter 7 Trustee
Amount:        $625,000.00 and any other amounts due thereunder.
Filing attorney's information-
Name:         Gil Hopenstand (State Bar No. 225899)
Address:       1925 Century Park East, Suite 1150 Los Angeles, CA 90067-2712
Phone Number: (310)203-9393

13.      An Abstract of judgment recorded April 8, 2010 as  Instrument No. 20100478449:

Court:   United States District Court Central District of California
Case No.:      07-4189 GHK (JTLx)
Entry Date:    October 6, 2008
Debtor:       Assured Tax Relief, Inc; Boaz Minitzer; Steven Oscherowitz, jointly and severally
Creditor:     Associated Tax Relief, Inc.
Amount:        $39,285.85 and any other amounts due thereunder.
Filing attorney's information-
Name:         Maurice Wainer
Address:       270 N Canon Drive, Penthouse Beverly Hills, CA 90210
Phone Number:

14.     An Abstract of judgment recorded April 4, 2012 as  Instrument No. 20120507821:
        Court:   Superior Court of California
        Case No.:       10K12893
        Entry Date:     February 9, 2011
        Debtor:         Steve Oscherowitz, an individual
        Creditor:       Kathryn Hall, an individual
        Amount:         $21,276.71 and any other amounts due thereunder.
        Filing attorney's information-
        Name:           Lawrence C. Ecoff, Esq. (Bar #143814)
        Address:        280 South Beverly Drive, Suite 504 Beverly Hills, CA 90212
        Phone Number: (310)887-1850

15.     The effect of a deed
        Dated:       January 25, 2011
        Grantor:    Steven Oscherowitz and Susan Oscherowitz
        Grantee:    Yehuda Friedman, trustee of that certain trust known as The Letaba Trust, which was formed
        under a Declaration Trust dated January 25, 2011
        Recorded:  February 2, 2011 as Instrument Number 20110185307
        The Company is not willing to divest the interest of Steven Oscherowitz and Susan Oscherowitz. An
        inquiry of the parties shall be required prior to the issuance of any policy of title insurance.
        In order to complete this report, the company **requires** a signed and notarized Affidavit from the above
        stated Grantor.  The blank Affidavit form is attached to this report for you convenience.

16.     The effect of a deed
        Dated:       March 2, 2011
        Grantor:    Steven Oscherowitz and Susan Oscherowitz
        Grantee:    Yehuda Friedman, trustee of that certain trust known as The Letaba Trust, which was formed
        under a Declaration of Trust dated January 20, 1987
        Recorded:  March 2, 2011 as Instrument Number 20110328805
        The Company is not willing to divest the interest of Steven Oscherowitz and Susan Oscherowitz. An
        inquiry of the parties shall be required prior to the issuance of any policy of title insurance.
        In order to complete this report, the company **requires** a signed and notarized Affidavit from the above
        stated Grantor.  The blank Affidavit form is attached to this report for you convenience.

17.     If title is to be insured in the trustee(s) of a trust or their act is to be insured, we will require a full copy of
        the trust agreement and any amendments thereto.  In certain situations the Company may accept a
        Trustee certificate pursuant to Section 18100.5 of the California Probate Code for the trust agreement.
        The Company reserves the right to except additional items and/or make additional requirements after
        reviewing said documents.

18.     In order to complete this report, this Company requires a Statement of Information to be completed by the
        following party(ies),

        Party(ies): Steven Oscherowitz and Susan Oscherowitz

        The Company reserves the right to add additional items or make further requirements after review of the
        requested Statement(s) of Information.

19.     In order to complete this report, this Company requires a Statement of Information to be completed by the
        following party(ies),

        Party(ies): Yehuda Friedman

        The Company reserves the right to add additional items or make further requirements after review of the
        requested Statement(s) of Information.

**END OF SCHEDULE B**

1                               **<u>PROOF OF SERVICE</u>**

2   ( )     **BY U.S. MAIL**

3   ( )     **BY HAND DELIVERY**

4   ( )     **BY FAX**

5   **(xx)**     **BY SPECIAL DELIVERY/FEDERAL EXPRESS/EXPRESS MAIL**

6           I am a resident of Los Angeles County, California.  I am over the age of 18 and not a

7 party to the within action.  My business address is 7445 Topanga Cyn Blvd., Suite 220, Canoga

8 Park, California 91303.  On July 12, 2013, I served a true and correct copy of **DEBTORS'**

9 **NOTICE OF MOTION AND MOTION FOR ORDER (1) REOPENING CASE (2) AVOID**

10 **ING JUDGMENT LIEN OF SHALOM AND SHEVACH MOSES (3) AND**

11 **AUTHORIZING SHORT-SALE; MEMORANDUM OF POINTS AND AUTHORITIES;**

12 **DECLARATION OF SHAI OVED** on the <u>Parties-in-Interest</u> in this action, in the manner

13 referenced above and addressed or telecopied as follows: Overnight Mail to:

14 Robert J. Sherman
   4221 Wilshire Blvd, Suite 290, Room 15
15 Los Angeles, California 90010

16 Aviv Tuchman,
   Tuchman & Associates
17 6080 W Pico Blvd.,
   Los Angeles, CA, 90035

18

19 Shalom and Shevach Mozes
   121 N. Highland Ave.
   Los Angeles, CA 90036.

20

21          The following will be served by CM/ECF:

22   Paul A Beck pab@pablaw.org

23   Alane A Becket 2 notices@becket-lee.com

24   Alan F Broidy alan@broidylaw.com, sherrie@broidylaw.com

25   Baruch C Cohen bcc4929@gmail.com

26   Harris L Cohen hcohen00@aol.com

   Jerome S Cohen jsc@jscbklaw.com
27
   Donald H Cram dhc@severson.com
28
   Tami S Crosby tcrosby@mileslegal.com

   Christina Erickson cerickson@richardsonpatel.com

Alan W Forsley awf@fl-lawyers.net, awf@fkllawfirm.com,addy@fl-lawyers.net,lc@fl-lawyers.net,awf@fl-lawyers.net

Gil Hopenstand ghopenstand@wwolawyers.com

Kari A Keidser kkeidser@gmail.com

Leib M Lerner leib.lerner@alston.com

Elan S Levey elan.levey@usdoj.gov, louisa.lin@usdoj.gov

Yevgeniya Lisitsa glisitsa@msn.com

William Malcolm bill@mclaw.org

Alison J Maloof ecfcacbrs@piteduncan.com

Aram Ordubegian ordubegian.aram@arentfox.com

Shai S Oved ssoesq@aol.com

Vy Pham vpham@mileslegal.com

Lee S Raphael cmartin@pralc.com

David L Ray (TR) jf@srblaw.com, dray@ecf.epiqsystems.com;cs@srblaw.com

Timothy J Silverman tim@sgsslaw.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

Diane Weifenbach diane@attylsi.com

David R. Weinstein david.weinstein@bryancave.com, raul.morales@bryancave.com;alicia.moore@bryancave.com

Gilbert B Weisman notices@becket-lee.com

Sharon Z. Weiss sharon.weiss@bryancave.com, raul.morales@bryancave.com

Jerome A Yelsky yelsky@cherinandyelsky.com, casupportgroup@w-legal.com


The following will be served by over night mail or personal delivery within one day after filing:

The Honorable Sheri Bluebond.

Executed on July 12, 2013, at Woodland Hills, California.

/s/ Shai Oved

_____

Shai Oved